IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDDIE JAMES KING, | : |
| Plaintiff, | : |
| V. | : |
| | : NO. 5:21-cv-00215-TES-CHW |
| DOCTOR AIKENS, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Plaintiff Eddie James King, a prisoner in Dooly State Prison in Unadilla, Georgia, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1; Am. Compl., ECF No. 4. Plaintiff has also moved for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. As discussed below, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Thus, Plaintiff's complaint is ripe for preliminary review. On preliminary review of Plaintiff's complaint, it is now **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for the reasons set forth below.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of

his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**. Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

I. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's

account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

Because the Court has granted Plaintiff leave to proceed *in forma pauperis*, his complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys,"

and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

In his complaint, Plaintiff asserts that, on December 11, 2020, he went to Augusta State Medical Prison ("ASMP") for an outside medical appointment to be seen by a doctor that Plaintiff believes to work under Dr. Lane Ulrich. Compl. 5, ECF No. 1. For some time, Plaintiff has personally felt that a diagnosis made by Dr. Ulrich was not correct, and Plaintiff has not been satisfied with the results of his treatment. *Id.* Plaintiff has brought the situation to the attention of Jennifer Mason, the medical director at Dooly State Prison, telling her that he would like a second opinion. *Id.* In response, Mason has told Plaintiff that it is not her decision and that Dr. Aikens could arrange it, but he wants Plaintiff to go to ASMP and tell Dr. Ulrich why Plaintiff does not want to see him again. *Id.*

Since December, Plaintiff has had two appointments scheduled, which he has refused to attend. *Id.* at 5-6. Plaintiff asserts that Mason has been deliberately indifferent to his medical needs because, even if she does not make the final decisions, she could have contacted Dr. Aikens to discuss the situation when Plaintiff raised it with her. *Id.* at 6. Plaintiff adds that Mason does not "know what stage [Plaintiff's] eye is in," and he contends that Dr. Aikens is asking Plaintiff to "do the impossible" by meeting with Dr.

5

Ulrich. *Id.* Plaintiff notes that his eye is a vital organ, which he is trying to save after having already lost his other eye due to inadequate medical care. *Id.* Finally, Plaintiff asserts that he should be able to choose a healthcare provider with whom he feels comfortable and should not be forced to speak with Dr. Ulrich. *Id.*

In addition to his complaint, Plaintiff has filed a motion to submit a letter that he wrote to Mason regarding his request to see another doctor. Mot. to Enter Into Evidence, ECF No. 5. To the extent that Plaintiff seeks to have the Court consider this additional statement, his motion is **GRANTED**, and the letter is considered herein. In the letter, Plaintiff tells Mason that he has concerns about his health care and that he is already emotionally damaged after having lost his right eye. Attach. to Mot. 1, ECF No. 5-1. He notes that this has been going on since 2016 and that he went blind in his right eye because of neglect. *Id.* Plaintiff says that he is asking for a second opinion from a different specialist because he is not happy with the diagnosis of the doctor in Augusta, who has been inconsistent. *Id.* Plaintiff states that he feels differently from what the doctor has been telling him and that he only wants to save his sight. *Id.* In the margin of Plaintiff's letter is a handwritten note by a D. Oxley, DW, stating, "You have an upcoming appt. at ASMP about your eye. The loss of your sight was caused by a retinal detachment. There is almost 0% chance that your eye could have been saved. Wait & see what the Dr. tells you at your next visit." *Id.*

    III.   <u>Plaintiff's Claim</u>

Plaintiff's allegations relate to a potential claim for deliberate indifference to a

serious medical need. In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243.

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.* Generally, a disagreement over the type of treatment prescribed will not constitute deliberate indifference to a serious medical need. *See Chatham v. Adcock*, 334 F. App'x 281, 288 (11th Cir. 2009) (per curiam).

Plaintiff does not explain exactly what condition he has, but he asserts that he has

an issue with his eye, that he previously lost the sight in his other eye, and that appointments have been scheduled for him. Thus, it at least appears possible that he may have a serious medical need with regard to his eye.

Assuming that he does have a serious medical need, Plaintiff has not set forth any factual allegations on which the Court could conclude that any of the defendants has been deliberately indifferent to Plaintiff's condition. In this regard, Plaintiff's only allegations are that he disagrees with Dr. Ulrich's diagnosis and is not satisfied with the results of his treatment. Plaintiff generally asserts that Dr. Ulrich has been inconsistent, but he provides no information regarding this inconsistency or why he feels the doctor's treatment of his is inadequate. In the complaint, Plaintiff does not set forth any facts showing that Dr. Ulrich, or any of the other defendants, has provided Plaintiff with grossly inadequate care or with care that otherwise meets the definition of deliberate indifference.

To the contrary, Plaintiff asserts that appointments have been made for him to see the doctor in regard to his condition but that he has refused to attend these appointments because he wants to see a different doctor. Thus, Plaintiff's allegations show only a general disagreement over the treatment he is being offered, and as a result, the complaint does not state a claim for deliberate indifference to a serious medical need. Accordingly, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as to all of the defendants.

IV.     Conclusion

For the reasons set forth herein, it is **RECOMMENDED** that Plaintiff's complaint

be **DISMISSED WITHOUT PREJUDICE** in its entirety.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within **FOURTEEN (14) DAYS** of his being served with a copy of this Order. Plaintiff may seek an extension of time in which to file written objections or amendments, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 27th day of August, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge