IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **EDDIE JAMES KING,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:21-cv-215-TES-CHW |
| | : | |
| **DOCTOR AIKENS,** *et al.*, | : | Proceedings under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| **Defendants.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

Plaintiff filed this action against Defendants alleging deliberate indifference in his medical treatment. There are several pending motions before the Court. Following the entry of default against him, Defendant Ulrich has filed a motion to set it aside (Doc. 59), which was followed by Plaintiff's response (Doc. 68) and a motion for default judgment (Doc. 66). Plaintiff also filed a motion for final judgment, which has been construed as a motion for judgment on the pleadings. (Doc. 41).

As discussed below, Defendant Ulrich has shown good cause to set aside the default against him. Therefore, Defendant Ulrich's motion to set aside default is **GRANTED** (Doc. 59) and Plaintiff's motion for default judgment is **DENIED**. (Doc. 66). Because the pleadings are not yet closed and the filed answers show that there are issues of material fact, it is **RECOMMENDED** that Plaintiff's motion for final judgment (Doc. 41) be **DENIED**.

### Procedural History

Plaintiff's complaint for deliberate indifference arises out of medical care provided by Defendants, which Plaintiff alleges complicated issues with his eye. *See* (Doc. 11). Defendants Dr. Aikens, Dr. Ulrich, and Nurse Jennifer Mason are three of Plaintiff's treatment providers. *See,*

1

*id.* Defendant Mason waived service and timely answered. (Docs. 24, 25). After further inquiry by the Court, Defendant Aikens acknowledged service and timely answered. (Docs. 46, 60, 62). Defendant Ulrich was personally served (Doc. 33), and when he failed to timely answer, the Clerk was directed to enter a default against him. (Doc. 43). Having received notice of the default, Defendant Ulrich has moved to set it aside. (Doc. 59), while Plaintiff has moved for entry of a default judgment. (Doc. 66). Plaintiff also opposes Defendant Ulrich's motion to set aside the default. (Doc. 68). Plaintiff has also moved for judgment on the pleadings. (Doc. 41).

1. There is good cause to set aside the default against Defendant Ulrich.

An attachment to Defendant Ulrich's motion to set aside the default shows that he received process through his secretary and forwarded the paperwork as normal. (Doc. 59-2, ¶ 4). Another contemporaneous, unrelated case in which Defendant Ulrich is a party was handled in a similar way, and he timely filed a responsive pleading in that case. (*Id*. ¶5; *See generally, Gibson v. Smith* 5:21-cv-328-TES-CHW, Docs. 38, 40). He only realized there had been an error in this case when he received a courtesy notice from another party's counsel that an error had occurred. (Doc. 59-2, ¶ 3). He then acted diligently in securing counsel to address the default. (*Id*. ¶ 6). Plaintiff counters that no good cause exists to set aside the default because Defendant Ulrich should have paid better attention to the paperwork and that setting aside the default would hold Plaintiff accountable for Defendant's Ulrich's lapse of responsibility. (Doc. 68).

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and

whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996).

There is no genuine suggestion of any culpable conduct by Defendant Ulrich. He states that he received service and passed it on as normal, that he immediately worked to correct the error once he learned about it. (Doc. 59-2, ¶ 7). Defendant Ulrich has shown that he has a potentially meritorious defense, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims in this action through the ordinary legal process. Therefore, Defendant Ulrich's motion to set aside the entry of default (Doc. 59) is **GRANTED**, and Plaintiff's pending motion for default judgment (Doc. 66) is correspondingly **DENIED**. Defendant Ulrich is directed to file an answer **within 21 days of the date of this Order**. The discovery period set forth in the Court's original order directing service (Doc. 11) shall begin **for all Defendants** as of the date of Defendant Ulrich's answer.

2. Plaintiff's motion for judgment on the pleadings is premature and improper as to Defendant Ulrich and unfounded as to the remaining Defendants.

The pleadings are still open as to Defendant Ulrich, and therefore, any judgment on the pleadings against him is not appropriate. Rule 12(c) of the Federal Rules of Civil Procedure states that a party may move for a judgment on the pleadings after the pleadings are closed. Defendant Ulrich has now been directed to answer, which means the pleadings are still open as to him. Therefore, Plaintiff's motion as to Defendant Ulrich should be denied. Even if the prior default remained in place, Plaintiff's motion would still be improper because the pleadings would not be "closed." There must be competing pleadings before the pleadings are deemed closed under Rule 12(c) so that a motion for judgment on the pleadings may be considered. *Lillian B. ex. rel. Brown v. Gwinnett Co. Sch. Dist.* 631 F. App'x 851, 853 (11th Cir. 2015) (citing *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1336 (11th Cir. 2014)). In *Lillian B.*, the Eleventh Circuit explained that a

motion for judgment of the pleadings can only "'be achieved by focusing on the content of competing pleadings," and "when only a single pleading has been filed, 'competing pleadings' do not exist, so a motion for judgment on the pleadings is not appropriate." *Lillian B.*, 631 F. App'x at 853.  Without a pleading in the record from Defendant Ulrich, a motion for judgment on the pleadings as to him would be premature and improper. Plaintiff's motion as to Dr. Ulrich should also be denied.

While the pleadings may be considered closed as to Defendants Mason and Aikens, Plaintiff is still not entitled to judgment on the pleadings.  For a judgment on the pleadings to be granted as a matter of law, the pleadings must show that no disputed material facts exist.  *Perez*, 774 F.3d at 1335.  When evaluating the facts, the reviewing court accepts material facts set forth in the non-moving party's pleadings as true and construes those facts most favorably to the non-moving party.  *Id.*  If disputes of material fact exist after reviewing the pleadings as required, a motion for judgment on the pleadings must be denied.  *Id.*

Plaintiff is the party requesting a judgment on the pleadings in his favor.  Therefore, the pleadings are construed against him, and Defendant Mason and Aikens's pleadings are taken as true.  Defendant Mason admits that she provided care and treatment to Plaintiff at Dooly State Prison (Doc. 24, p. 6, ¶ 9) but denies Plaintiff's allegations regarding actions supporting Plaintiff's deliberate indifference claims. (*Id.*, p. 7-8, ¶¶ 12-15).  Defendant Aikens likewise admits to providing care and treatment at the prison but denies any action amounting to deliberate indifference. (Doc. 62, p. 5-6, ¶¶ 9-10, 12-15). Defendants Mason and Aikens also set forth multiple affirmative defenses in their answers.  (*Id.*, p. 1-3; Doc. 24, p. 1-4). When construing Defendants Mason and Aikens's well-pleaded answers and defenses as true and in the light most favorable to them as the non-moving parties, disputes of material fact exist, and Plaintiff is not

entitled to judgment as a matter of law. Therefore, Plaintiff's motion for judgment on the pleadings as to Defendants Mason and Aikens should also be denied.

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for final judgment (Doc. 41) be **DENIED**.

## OBJECTIONS TO THE RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 15th day of April, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
