IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EDDIE JAMES KING,**<br><br>*Plaintiff*,<br><br>v.<br><br>**Doctor AIKENS,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:21-cv-00215-TES-CHW** |

**ORDER ON PLAINTIFF'S APPLICATION TO APPEAL *IN FORMA PAUPERIS***

*Pro se* Plaintiff Eddie James King has filed a Notice of Appeal. [Doc. 125]. He has also now applied to appeal *in forma pauperis*. [Doc. 128].

**A.     Procedural History**

On August 9, 2022, the United States Magistrate Judge issued an Order and Recommendation [Doc. 119] regarding Plaintiff's motions for judgment, [Doc. 72]; [Doc. 95]; [Doc. 96], Plaintiff's motion for reconsideration, [Doc. 109], and Defendants' motions to dismiss, [Doc. 77]; [Doc. 88]. Thereafter, Plaintiff filed an Objection [Doc. 121] in response to the Recommendation, with the Magistrate Judge's Order and Recommendation attached. [Doc. 121]; [Doc. 121-2]. On the copy of the Order and Recommendation issued by the Magistrate Judge, Plaintiff wrote comments and objections to the Magistrate Judge's findings. [Doc. 121-2]. The Court construed the portion of Plaintiff's "Motion of Objection to the Recommendations" [Doc. 121] that

included his comments written on the Magistrate Judge's Order and Recommendation itself as objections to the Recommendation. [Doc. 121-2]. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (*Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"). Then, the Court undertook a *de novo* review of the portions of the Recommendation to which Plaintiff objected. 28 U.S.C. § 636(b)(1)(C). The Court reviewed all other portions of the Recommendation for clear error. *Id.* at § 636(b)(1)(A).

Upon review, the Court found that each of Plaintiff's objections were either without merit or did not oppose any specific portion of the Magistrate Judge's Recommendation. The Court adopted the United States Magistrate Judge's Recommendation [Doc. 119] and made it the Order of the Court. 28 U.S.C. § 636(b)(1)(C). [Doc. 123, pp. 2–3]. Accordingly, the Court denied Plaintiff's motions for judgment, [Doc. 72]; [Doc. 95]; [Doc. 96], denied Plaintiff's motion for reconsideration, [Doc. 109], and granted Defendants' motions to dismiss, [Doc. 77]; [Doc. 88]. [Doc. 123, pp. 2–3]. As a result of adopting the United States Magistrate Judge's Recommendation, the Court denied as moot Plaintiff's Motion to Rule in Plaintiff's Favor [Doc. 120] and Motion for Relief Under 41 U.S.C. § 1983 [Doc. 122]. [Doc. 123, p. 2]. Finally, the Court also dismissed as moot Plaintiff's "Notice of Appeal to 11th CIR [*sic*]" [Doc. 121-1]. [Doc. 123, p. 3]. The Clerk entered Judgment in favor of Defendants on August 26, 2022. [Doc. 124].

Plaintiff filed a Notice of Appeal [Doc. 125] as to the Judgment [Doc. 124] on September 15, 2022, and filed a Motion for Leave to Appeal *in forma pauperis* on September 30, 2022. [Doc. 128].

**B.    Analysis**

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> (2) [I]f the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff claims to have

3

limited assets and no income. [Doc. 128, pp. 2–5]. Therefore, he has shown the Court that he cannot pay the appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an appellant intends to appeal is required under Federal Rule of Appellate Procedure 24(a)(1)(C). Plaintiff states in his Motion for Permission to Appeal *In Forma Pauperis* [Doc. 128] that his issue on appeal is that "maybe another person would take a different look at [his case]. Because two People they have different views of things maybe other(s) can get other(s) to see at a different angle [*sic*]." [Doc. 128, p. 1]. He also states that he did not "get a full . . . review" of his

4

case by this Court. [*Id.*].

The Court has conducted an independent review of the issues raised in Plaintiff's statements of issues for appeal. *See* [Doc. 125]; [Doc. 125-1]; [Doc. 125-2]; [Doc. 128]; [Doc. 128-1]. Based upon a thorough inquiry, the Court concludes that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning in the ruling sought to be appealed"). Plaintiff has raised no issues with arguable merit. The appeal, therefore, is not brought in good faith. Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.[1] If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 3rd day of October, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Because the Court **DENIES** Plaintiff's request to proceed *in forma pauperis* on appeal [Doc. 128], Plaintiff's additional "Motion for relief from the obligation to PrePay [*sic*] the docketing and filing fees" [Doc. 129] is duplicative and is **DENIED** as such.